and we'll move to our next case this morning and it is United States v. Robert Jocko. All right and I see both counsel so we can proceed. Mr. Carlson. May it please the court. This court would never allow a jury verdict to stand if a he would have told us or showed us so. Here Judge Durkin was the jury admitted he was the jury and this court should not stand for his honor Judge Durkin doing so. Mr. Carlson is there a distinction though for the burden of proof between beyond reasonable doubt and preponderance of the matter of degree. I think the idea that a defendant should not have to prove his innocence is remains the same in either instance no matter what the burden of proof is. And I believe that that is clear and I think the thing that makes this case a little bit more troubling is that when I brought to Judge Durkin's attention that he shouldn't be be relying on the absence of evidence that the defense presented he said that there appeared to be a wealth of contrary information that could have been presented if it existed. And what's important about that comment is it happens in the very same sentence where Judge Durkin in the same paragraph of the transcript where Judge Durkin says that his his finding would remain the same um this that the standard of a preponderance has been met um but then he goes on to say but I would have thought but there would have appeared to have been a wealth of contrary information that could have been prevented presented if it existed. So to the when he what he says at one point he takes away in the other. Mr. Carlson why why wasn't Judge Durkin just responding to your arguments and let me give you an example please. With respect to the cell site information the court drew the inference based on the cell site information for your client that he was in at the banks and you argued well it's just his phone and he could have been there for lawful reasons. In response to that argument the court said it was not persuaded by your evidence to support that he was just there for lawful reasons. The only evidence which established by a preponderance of the evidence that he was at the banks and he drew the reasonable inference from was that he was at the banks at the time of of the robbery. Why isn't that just an appropriate response noting that he's acknowledging your argument but rejecting it because it's nothing other than argument. I think the reason your honor is that Judge Durkin noted throughout that there was conflicting evidence in this case and he kept on two occasions he he said you know I appointed an investigator in this case I would have expected and those were his words I would have expected to hear evidence. So what he's saying is that in the absence of that evidence he which he expects to hear he expects to hear evidence that Robert Jocko is innocent and that that is not what the law requires or allows. But the specific examples that you've given us the cell site information being one really do just seem to be responding to your argument saying he's made the inference that he was at the banks based on the cell site information because you haven't supported anything to support a different reasonable inference. Why isn't that perfectly appropriate and in fact what he should be doing if he hadn't responded to that argument you might come in and say he never addressed our argument. But what he is doing and expecting is that the defense take on a burden a burden of either production or persuasion that the law does not place upon a defendant and I don't believe that is it is appropriate even in the context that your honor is talking about for the judge to do so. But he didn't say you had to prove this and you didn't. He said the government has proven that he was at the bank based on the cell site information and your arguments fall flat because you haven't pointed to anything to support your argument. That's a very different thing than saying the burden has shifted. Well but judge what but in a close case like this that's exactly what he's saying. What he's saying is I'm looking at the fact that there was that you didn't present any evidence on this issue to tip the balance in favor of this and that's exactly what I think happened here and I don't believe that that's appropriate. Mr. Carlson we've all three of us the panel here have been through the transcript you know repeated times and I look at the bottom of appendix 15 which is page 9 of document 77 from the district court and I'll be straightforward with you it is somewhat thin to conclude just the sheer circumstances of the robberies all being committed in the same general area coupled with other factors makes me reach the conclusion it's more likely than not true that defendant Chaco committed the BMO Harris. There could have been more elucidation there. Does your client though run into a difficulty because we're not sure what you hope to gain from this appeal? He doesn't argue there was insufficient evidence to sustain a finding that he did the March 12th 2 15 p.m. robbery that this judge made it clearly a seronious finding. What exactly would would be sought or would you receive from the request request you're making? Your Honor it is it is our belief that if Judge Durkin did not place a burden on the defense that he would have not been able to reach the conclusion that he did. I think you know and I think as I said in my brief that the tipping point what tips the balance is the fact that the defense didn't present any evidence and I think if the court did not consider the burden shifting and and and then I think I don't think Judge Durkin would have made the case. I have nothing further unless the court has any questions. All right thank you very much Mr. Rojas. May it please the court my name is David Rojas and I represent the United States. The district court sentence here was procedurally sound. The district court did not shift the burden of proof to the defendant. The district court repeatedly articulated the correct standard of burden and made it clear that it understood the government must prove by preponderance of the evidence that the defendant committed the second bank robbery which was used to enhance the defendant's sentence. The district court found that standard to be met based on substantial compelling evidence which included cell site location information that placed the defendant's cell phone in the area of the three banks at issue in the bank that the defendant admitted robbing. Similarities in appearance and clothing of the defendant and the perpetrator of the earlier bank robbery including a visually consistent hand tattoo and the close temporal and physical proximity of the banks and bank robberies. It was perfectly appropriate for the district court to consider the limitations of the defendant's defense which essentially was one of identity that he wasn't the one who robbed the bank. The defendant claimed that the absence of physical proof such as DNA or fingerprints established that he was innocent of the robbery but the district court was entitled to and in fact was required to weigh the strength of the evidence and in the course of doing so to consider that the defendant's identity defense was essentially a mere assertion unsupported by affirmative evidence. That is not burden shifting or procedural error. But even if the court the district court addressed the defendant's concern in its oral ruling setting aside evidence that the defendant didn't present determining that it was still more likely than not that the defendant committed the earlier bank robbery. So for these reasons the government believes that the district court's 80-month sentence was procedurally sound. Unless the court has any further questions I'll ask by asking you to affirm the defendant's conviction and sentence. Thank you. Mr. Carlson I have nothing further your honor. All right thank you very much. Our thanks to both counsel. The case is taken under advisement.